**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES WALLACE,<br><br>                 Petitioner,<br><br>                v.<br><br>WARDEN STEVIE M. KNIGHT,<br><br>                 Respondent. | Civil Action No. 22-6705 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

      This matter comes before the Court on the habeas petition filed by Petitioner Charles Wallace pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed responses to the petition. (ECF Nos. 7, 9.) Petitioner did not file a reply. (ECF Docket Sheet.) For the following reasons, the petition is denied.

**I.    BACKGROUND**

      Petitioner is a convicted federal prisoner serving a two hundred and eleven month sentence entered in District of South Carolina. (ECF No. 7-4 at 2-3.) Petitioner's current sentence is the result of his pleading guilty to drug trafficking charges as well as to possessing a weapon in relation to those drug trafficking charges in violation of 18 U.S.C. § 924(c). (*Id.*) As a result of his guilty plea to these two charges, Petitioner was sentenced to 151 months on the drug trafficking charge and 60 months on the § 924(c) charge, to run consecutively to one another. (*Id.* at 3.) Following the passage of the First Step Act (FSA), Petitioner requested that he be treated as eligible for FSA

good time credits for the portion of his sentence related to the drug trafficking offense. (*See* ECF No. 703 at 3.) The BOP denied that request as Petitioner is serving a sentence which includes a § 924(c) charge, which renders him ineligible for FSA credits. (*Id.* at 4.) Petitioner now seeks to have this Court award him with credits under the FSA which he believes should be applied to the drug trafficking portion of his sentence. (*See* ECF No. 1).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his habeas petition, Petitioner argues that he is being improperly denied credits towards his sentence under the First Step Act. Pursuant to the First Step Act, however, a "prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction under . . . § 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii); *see also United States v. Smith*, 54 F.4th 1000, 1006 (7th Cir. 2022) (a § 924(c) conviction "bars [a prisoner] from receiving good-time credit under the First Step Act"). As Petitioner is currently serving a term of imprisonment for a § 924(c) conviction, the statute thus bars him from being eligible to accrue credits under the Act. *See Myers v. Warden*, No. 21-19952, 2023 WL 2392867, at *2 (D.N.J. Mar.

3, 2023) (finding that inmates convicted under § 924(c) are statutorily ineligible to receive First Step Act good-time credits).

Petitioner does not dispute that he has been convicted of and is serving a sentence for a conviction under § 924(c) relating to the possession of a weapon in relation to a drug trafficking crime, but instead attempts to argue that he should still receive credits towards the portion of his sentence which is not the result of his § 924(c), which he argues is being improperly treated as an aggregate sentence by the BOP. However, contrary to Petitioner's assertion that the BOP is being unreasonable in treating his sentences as a single aggregate, however, 18 U.S.C. § 3584(c) explicitly requires that the BOP treat multiple sentences ordered to run consecutively or concurrently to be treated for administrative purposes as a "single, aggregate term of imprisonment." Because the calculation of sentencing credits is an "administrative purpose," the BOP is required by the statute to treat sentences like Petitioner's which include at least one conviction for an FSA ineligible crime as a single aggregate term which is not subject to the accrual of FSA credits. *See, e.g., Teed v. Warden FCI Allenwood*, No. 23-1181, 2023 WL 4556726, at *1-2 (3d Cir. July 13, 2023); *see also Chambers v. Warden Lewisburg USP*, 852 F. App'x 648 (3d Cir. 2021). Because Petitioner's current aggregate sentence includes a term for a conviction under § 924(c), he is statutorily ineligible for the credits he seeks. Therefore, Petitioner's habeas petition is denied.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

3